OUTTEN D. JESTER,

*vs.*

ALEXANDER V. MURPHY,

*New Castle, Sept. T.* 1858.

A vendor of certain store goods agreed to take them back, if unsold within one year, or to make good the loss upon a re-sale.   His bond for $700,00 given subject to a written defeazance declaring it to be for the "security and safety of a forfeiture to the same amount, which the vendor stood bound for in an agreement for the purchase.&c.,' *held* not to have been given for stipulated damages but as a security for loss actually sustained by vendor's refusal to take the goods back.

Under a decree for an account, after a loss of books and a lapse of twenty years from the date of the transactions, a general statement of account, made about the time of the transactions, admitted.

BILL IN EQUITY TO ENJOIN COLLECTION OF A JUDGMENT.

The bill made the following case :

The complainant, on the 26th of April, 1833, sold to the

defendant a china store, in Westchester, Pennsylvania, for $1400.00, at the same time agreeing, either to take it back, if unsold within one year, or to make good the loss upon a re-sale. Afterward, in June, 1833, the better to secure the defendant against loss, the complainant gave him a judgment bond for $700.00, taking from the defendant a defeazance in writing, to the effect, that the bond was given for the "security and safety of a forfeiture, to the same amount, which Jester stood bound to me in an agreement for the purchase of a china store, &c."* Judgment was entered on the bond in Pennsylvania and execution issued, in June, 1833. In November, 1833, the complainant removed to Delaware, engaged in business and failed. The bill alleged that in September, 1850, he compromised with the defendant in writing for the release of the judgment on payment, within a year, of $157.00; that, within the year, the complainant called on the defendant, prepared to pay the sum agreed on, but that the defendant, in the interview, got possession of the agreement, and then demanded the whole debt; that afterward he brought an action in Delaware upon the judgment entered on the bond in Pennsylvania and recovered judgment. The bill further alleged that the defendant did not call on the complainant within the year to take back the store: that he

---

* The defeazance was as follows, viz :

"Be it known, that Outten D. Jester has this day given me his judgment bond, to the amount of $700.00, for security and safety of a forfeiture to the same amount, which he stands bound to me in an agreement of the purchase of a china store of him the 26th. of April last. This is to show to my survivors that if the said O. D. Jester should take the store back, per agreement, or if I should not sustain loss to that amount in keeping or selling, I bind and obligate you as my representatives to refund to him, or his heirs, whatsoever balance of said bond I recover, after deducting all cost and trouble.

In witness whereof I subscribe my name the 12th day of June 1833.

(Signed) A. V. MURPHY.

had sold it; that he had rendered no account of loss from 1833 to 1850; that in fact he had sustained no loss.

*Prayer*, for an injunction.

The answer admitted the giving of the bond, the entry of judgment on it in Pennsylvania, and that a suit upon the judgment had been brought in Delaware. It insisted that the bond was given to secure stipulated damages, in case the complainant should not take the store back, which he was repeatedly requested to do ; that complainant had been duly notified of the loss sustained and refused to take the store back, but was at the time wholly satisfied and agreed to the entry of the judgment. The answer alleged that the agreement to release the judgment on payment of $157.00, was obtained by fraud; that by the death of his father Jester came into possession of considerable means, which he concealed from the defendant, and thereby obtained the agreement; that afterward, upon being charged with the fraud, he surrendered the agreement to the defendant; that he had never paid or offered to pay the $157.00.

The cause came before the Chancellor, at the Feb. T. 1857, for a hearing upon the bill, answer and exhibits; the main question, at this hearing, being as to the character and effect of the bond for $700.00, referred to in the bill and answer. The Chancellor considered that the bond was given, not as a stipulated forfeiture upon Jester's refusal to take back the store, but as a security for the loss caused by such refusal. He, therefore, made an interlocutory decree for an account of the goods purchased and sold.

Under this decree the defendant filed a statement that he had lost his books, and in lieu of an account from the books, submitted a general statement of account, made

April 2nd, 1834, showing the amount of the purchase and of the sale, and shewing a loss on the goods of $399.11.

At the Sept. T., 1857, a motion to strike off this statement, as a non-compliance with the decree for an account, was refused ; and an order was made that the statement be taken as filed and be open to proof on both sides ; and that the cause be set down for a final hearing at the next term.

From the evidence it appeared that no inventory of the goods was made at the time of their purchase.   They were proved to be worth at the time of sale about $1000, and the amount of sales was $684.10.

The cause came before the Chancellor for a final hearing, at the Sept. T., 1858.

*G. B. Rodney,* for the complainant.

*Michener,* (of Philadelphia) for defendant.

HARRINGTON, CHANCELLOR.—The interlocutory decree to account, in this case, settles the character of the bond for $700.00, upon which judgment was obtained in Pennsylvania, and afterward in an action of debt in this State. It was not an absolute bond, but was subject to a defeazance, being given on sale by Jester to Murphy of a china store, in April, 1833 ; and the $700.00 were to be forfeited if Jester should not take back the store in a year thereafter, or pay any loss that Murphy might sustain on a resale of the goods.

The interlocutory decree forbids me also to decide that this forfeiture of $700.00 became absolute on a re-sale of the goods and non-payment of the loss, even after Jester had submitted to and encouraged proceedings on the judg-

ment as an absolute judgment; but this decree assumes that the real loss, and not the agreed forfeiture, is the equitable compensation to which the defendant is entitled. And, for the purpose of ascertaining this loss, it required the defendant to file an account of the said goods, at their cost value; also an inventory thereof and the specific amount for which they were sold. The defendant filed a statement, in effect, that as no invoice had been made at the purchase and his books had been destroyed, he could not, after more than twenty years, state these particulars; but he set forth the fact that an inventory and appraisement, amounting to $1021.21, had been made at the time of the sale (which is exhibited) and also the amount of these sales, viz : $684.10, which is $337.11 less than the inventory, showing a loss to that amount, without adding costs. But, it is urged by the complainant that there is not sufficient proof of the value of these goods when bought; that there may have been intervening sales of a portion of them, and probably were, as the defendant occupied the store and was authorized to sell, and especially as the valuation, made at cost prices when they were finally sold at auction, was less than the sum at which they were originally valued by the parties themselves. I think this is reasonable, and that the difference between the purchase money and the amount of the public sale, viz.: $378.79, may fairly be taken to represent the value of the goods which had been sold at private sale, which being added to the amount produced at the public sale, $684.10, would make the total amount realized by the defendant to be $1062.89, from which deducting the cost of sale, $62, there remains $1000.89. This sum being deducted from the $1400.00 at which they were valued by the parties when Murphy purchased, will give $399.11 as the real loss sustained by him, and which the complainant agreed to compensate.

I do not take into consideration anything additional, for house rent, clerk hire &c., but only the cost of disposing.

of the goods; since no such stipulation beyond this is made in the instrument of defeazance, which, according to the interlocutory decree, covers merely the loss sustained on a re-sale of the china store ; but Murphy is entitled to interest on the $399.11 from the time of the sale, 19th April, 1834, say for twenty four years and six months to 11th October, 1858, which is $586.68, making in all $985.79 due on this day. For this sum let a decree be entered— the judgment to stand for that amount and costs, and also the costs of this suit.

Decree affirmed by the Court of Errors and Appeals, at the June Term 1859. Appeal not reported.